**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | | |
|---|---|---|
| BARRY LYNN SIMPSON | ) | |
| ADC # 106378 | ) | |
|     Petitioner, | ) | **Case No. 5:13-CV-00256 SWW-JTK** |
| v. | ) | |
| | ) | |
| RAY HOBBS, Director, Arkansas | ) | |
| Department of Correction | ) | |
|     Respondent. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**Disposition**

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Barry Lynn Simpson. (Doc. No. 2).  After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

**Background**

On April 12, 1995, Petitioner pleaded guilty to first-degree murder, and on May 30, 1995, he was sentenced to life imprisonment in the Arkansas Department of Correction.  On March 4, 1996, his appeal to the Arkansas Supreme Court was denied because the court found that he failed to preserve his argument for appeal.  The only claim Petitioner presented in that appeal was that the trial court erred by allowing the state to present testimony from the victim's family as victim impact evidence without notifying him first.

On December 9, 2010, Petitioner filed a state habeas petition alleging that the sentencing

court lacked jurisdiction because it failed to follow Rule 24 of the Arkansas Rules of Criminal Procedure. His petition was denied on March 7, 2011.

## Discussion

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2254 because 1) he received ineffective assistance of counsel that resulted in a defective guilty plea and 2) his due process rights were violated when the trial court failed to comply with Arkansas Rule of Criminal Procedure 24. However, his claims cannot succeed because they are time barred and procedurally defaulted.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Arkansas Supreme Court denied Petitioner's direct appeal on March 4, 1996, so he had until June 2, 1996, to seek a writ of certiorari from the United State Supreme Court. He took no further action, so the statute of limitations expired on June 2, 1997. The current petition was filed over sixteen years after the statute of limitations expired, and there is nothing to indicate that equitable tolling is warranted under *Holland v. Florida*, 560 U.S. 631, 649 (2010). Thus, his claims are barred by the statute of limitations.

The Court also finds that Petitioner's claims are procedurally defaulted, but an in-depth discussion of the issue is unnecessary given the extreme untimeliness of the petition.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

3

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

SO ORDERED this 22nd day of August, 2014.

_____
United States Magistrate Judge